# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS INC., | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 5:18-cv-1935-LCB |
| SCOTT ALBURL, *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Joe Hand Promotions Inc. ("JHP") has filed a motion for default judgment (Doc. 52). Defendants SIDELINES33 LLC, doing business as Sidelines Pub & Grub, and Scott Alburl, as an officer, director, shareholder, member and /or principal of SIDELINES33 LLC (collectively, "defendants")[1] did not file a response to the Court's order to show cause. (Doc. 53). Therefore, this matter is ripe for review. For the reasons stated below, the motion for default judgment is granted with respect to Count I of the complaint.

## I.   BACKGROUND

Plaintiff filed this action against defendants on November 23, 2018. In its complaint, plaintiff alleged as follows. Plaintiff was granted the exclusive right to

---

[1] Defendants Angie Alburl and Christopher Anderson were previously dismissed by the plaintiff. Further references to "defendants" in this memorandum opinion refer only to SIDELINES33 LLC and Scott Alburl unless otherwise noted.

commercially distribute the audiovisual presentation of the *Floyd Mayweather, Jr. v. Conor McGregor* boxing match, including all undercard bouts and commentary, on Saturday, August 26, 2017 (the "Program"). (Doc. 1, p. 2; Doc. 52-2)(Hand Aff., ¶ 3)).  The plaintiff alleges that, by written agreement with the owner of the registered copyright [PA 2-066-333] of the Program, plaintiff was assigned ownership of the right to distribute and authorize the public performance of the Program. (Doc. 1, p. 2; Doc. 11-3 (Hand Aff., ¶ 3)).  Plaintiff alleged that SIDELINES33 LLC is a business entity operating an establishment called Sidelines Pub & Grub ("the Establishment") located at 7407 Highway 72 West, Madison, Alabama 35758. (Doc. 1, p. 2).  Plaintiff further alleged that defendants Scott Alburl, Christopher Anderson, and Angie Alburl reside in the State of Alabama and, on the date of the Program, were officers, directors, shareholders, members or principals of the entity owning and operating Sidelines Pub & Grub.  (Doc. 1, p. 2-3).

Plaintiff licensed the Program to numerous establishments nationwide, authorizing them to exhibit the Program to customers, patrons, members, and guests after payment of a commercial license fee.  (Doc. 1, p. 3; Doc. 11-3 (Hand Aff., ¶¶ 3, 7)).  In other words, the Program was legally available to defendants, but only after paying the commercial license fee to plaintiff.  Defendants did not, however, pay the proper commercial license fee to plaintiff.  (Doc. 1, p. 3-4; Doc. 11-3 (Hand Aff., ¶ 11)). Rather, defendants took affirmative steps to circumvent the commercial

licensing requirement and unlawfully obtained the Program through an unauthorized cable signal, satellite signal, and/or internet stream.  (Doc. 1, pp. 3-4; Doc. 11-3 (Hand Aff., ¶¶ 12-15)).  Defendants knew, or should have known, that their receipt and exhibition of the Program for commercial use at their establishment was not authorized.  (*Id*.).  Plaintiff accused defendants of thus intentionally pirating the Program for the sole purpose of their own economic gain, and for the commercial purpose of attracting paying customers, patrons, members, and guests, thereby wrongfully benefiting financially by infringing plaintiff's rights in the high-profile event.

Plaintiff filed a two-count complaint based on these allegations.  Count I of the complaint alleges satellite and cable piracy in violation of 47 U.S.C. § 605 and 47 U.S.C. § 553, respectively.  Count II alleges copyright infringement in violation of 17 U.S.C. §§ 106 and 501.  As a result of these infractions, plaintiff demands statutory damages, attorney's fees, interest, and costs of the suit.

Defendants SIDELINES 33 LLC and Scott Alburl were served on February 1, 2019. (Docs. 5, and 6).  Defendants did not answer the complaint. (Doc. 12-1, p. 2, 13-1, p. 2).  Accordingly, a Clerk's entry of default was entered against defendants on March 19, 2019, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. (Docs. 15 and 16).  Plaintiff then filed the motion for default judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure on May 15, 2020.  On June 2,

2020, and again on July 10, 2020, the Court ordered defendants to show cause as to why default judgment should not be entered against them for the amount requested. (Doc. 52). Defendants did not respond to the order to show cause[2].

Plaintiff submitted evidence in support of its motion for default judgment, which further expounds on the facts alleged in the complaint. In particular, the evidence shows that commercial establishments wishing to broadcast the Program in the State of Alabama were required to enter into a contract with plaintiff and to pay to plaintiff a commercial sublicense fee. (Doc. 52-2., p. 2 (Hand Aff., ¶ 7)). The sublicense fee is based on the capacity of the commercial establishment and varies for each event. (*Id.*). For example, if a commercial establishment has a maximum fire code capacity of 201-250 persons, the commercial sublicense fee would have been $8,200.00 for the Program. (*Id.*; *see also* Doc. 52-4 (Rate Card)).

Defendants did not pay a commercial sublicense fee to plaintiff, plaintiff did not permit the Establishment's cable or satellite provider to receive and broadcast the Program, and plaintiff did not authorize defendants to exhibit the Program at the Establishment. (Doc. 52-2 (Hand Aff., ¶ 11-13)). On the night of the event, a private investigator, hired by plaintiff, visited the Establishment. (Doc. 52-5 (Sharp Aff., p.

---

[2] The show-cause order was sent via certified mail to Scott Alburl at two separate addresses. The order that was mailed to 2437 Clovis Rd. SW Huntsville AL, 35803, was returned as undeliverable. On July 10, 2020, the clerk mailed a copy of the order to 127 Canoebrook Ln. Huntsville, AL 35806, the address at which Scott Alburl was served with a copy of the complaint. The show-cause order was mailed to SIDELINES33 LLC at the address at which it was served with a copy of the complaint. Neither defendant responded to the order.

1)). The private investigator observed at least two television sets in the Establishment which were broadcasting the Program. (*Id.*). The private investigator estimated the capacity of the Establishment at 240 people; he also observed as many as 145 people present during the Program. (*Id.*).

## II.   STANDARD OF REVIEW

Rule 55(b)(2) of the Federal Rules of Civil Procedure addresses the entry of default judgment by the Court and states:

> (2) *By the Court.* In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
>
>> (A) conduct an accounting;
>> (B) determine the amount of damages;
>> (C) establish the truth of any allegation by evidence; or
>> (D) investigate any other matter.

Fed. R. Civ. P. 55(b)(2). "Courts generally require some notice to be given to defendants between the time of service of process and entry of a default judgment." *Zuffa, LLC v. Al-Shaikh*, 2011 WL 1539878 (S.D. Ala. April 21, 2011). Furthermore, although "'a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover,' a defaulted defendant

5

is deemed to 'admit[ ] the plaintiff's well-pleaded allegations of fact.'" *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007) (quoting, in part, *Nishimatsu Constr. Co. v. Houston Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir.1975)). "Thus, before entering a default *judgment* for damages, the district court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Id*.

### III. DISCUSSION

#### A. Count I – Satellite (47 U.S.C. § 605) and Cable (47 U.S.C. § 553) Piracy

"To establish a violation of Section 605 or Section 553, Plaintiff must establish that (1) the Defendants intercepted the program, (2) Defendants did not pay for the right to receive the transmission, and (3) Defendants displayed the program to patrons of their commercial establishment." *Zuffa, LLC v. Al-Shaikh*, No. CIV.A. 10-00085-KD-C, 2011 WL 1539878, at *4 (S.D. Ala. Apr. 21, 2011). Here, the Court finds that the well-pleaded allegations of the complaint and the evidence submitted in support of the motion for default judgment show that Section 605 and Section 553 were violated. More specifically, the evidence, which the Court has recounted in the background section, shows that plaintiff had the exclusive right to commercially distribute the right to show the Program; that defendants illegally intercepted the Program; that defendants did not pay a commercial sublicense fee to

plaintiff to broadcast the Program; and that defendants displayed the Program to patrons of the Establishment. Therefore, the Court will grant the Motion for Default Judgment insofar as it requests judgment with respect to Count I of the complaint.

Although plaintiff's complaint includes claims under 47 U.S.C. §§ 605 and 553 (Count I) and for copyright infringement in violation of 17 U.S.C. §§ 106 and 501 (Count II), it only seeks damages only under 47 U.S.C. §§ 605 and 553. However, when a defendant is liable under both under both Sections 605 and 553, an aggrieved plaintiff may recover damages under only one section. *Kingvision Pay-Per-View Corp., LTD v. Wright*, 2006 WL 4756450, at *2 (M.D. Fla Oct. 27, 2006). Plaintiff elects to recover damages under Section 605. The Court will address damages under Section 605 next.

### 1. Damages pursuant to Section 605(e)(3)(C)(i)(II)

Plaintiff requests statutory damages under Section 605(e)(3)(C)(i)(II) in the amount of $8,200.00, which is equal to the licensing fee that defendants would have paid to plaintiff. 47 U.S.C. § 605(e)(3)(C)(i)(II) ("[T]he party aggrieved may recover an award of statutory damages for each violation of subsection (a) involved in the action in a sum of not less than $1,000 or more than $10,000, as the court considers just, and for each violation of paragraph (4) of this subsection involved in the action an aggrieved party may recover statutory damages in a sum not less than $10,000, or more than $100,000, as the court considers just."). The Court will award

damages to plaintiff in the amount of $8,200.00, the rate that plaintiff would have charged defendants, pursuant to Section 605(e)(3)(C)(i)(II).

### 2. Damages pursuant to Section 605(e)(3)(C)(ii)

Plaintiff also requests enhanced statutory damages pursuant to Section 605(e)(3)(C)(ii) in the amount of $24,600.00, or three times the amount of damages requested under Section 605(e)(3)(C)(i)(II). Under that provision, "[i]n any case in which the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000 for each violation of subsection (a)." 47 U.S.C. § 605(e)(3)(C)(ii).

By virtue of default, the Court finds that defendants have admitted that the illegal broadcast of the Program in the Establishment was willful and committed for direct or indirect commercial or private gain. The Court will therefore award plaintiff damages in the amount of **$24,600.00** under Section 605(e)(3)(C)(ii). The Court calculated this amount by taking $8,200.00, the amount it awarded pursuant to Section 605(e)(3)(C)(i)(II), and multiplying it by three. *See, e.g.*, *Zuffa*, 2011 WL 1539878, at *9 ("Case law from district courts within the Eleventh Circuit indicate that for first time violations for Section 605(a), many courts under similar fact

patterns have multiplied the amount of statutory damages awarded under Section 605(e)(3)(C)(i)(II) by three (3), to compute the amount of enhanced damages.").

### 3. Attorneys' fees and costs

Pursuant to Section 605(e)(B)(iii), the court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." 47 U.S.C. § 605(e)(B)(iii). Plaintiff seeks attorneys' fees in the amount of $1,500.00 and costs in the amount of $660.00. According to the affidavit of plaintiff's counsel, he expects to expend a minimum of six hours on this litigation through the preparation of the motion for default judgment and has an hourly rate of $250.00. (Doc. 52-6, p. 2). Plaintiff's counsel also asserts that he incurred costs of in the amount of $660. *Id*. Although plaintiff's counsel did not include his actual time sheet or documentation reflecting service of process fees, the Court finds that the requested attorneys' fees and costs are reasonable and are supported by his affidavit. Therefore, the Court will award plaintiff attorneys' fees and costs pursuant to Section 605(e)(B)(iii) in the amount of $2,160.00.

As a final matter, the Court finds that the damages awarded adequately compensate plaintiff for its damages, penalize defendants for their illegal conduct, and uphold the statutory intent of deterrence. The Court also finds defendants jointly and severally liable for the damages because, by virtue of default, Alburl has

admitted that he had the right and ability to supervise the infringing activities and received a direct financial benefit from same.

### B.     Count II – Copyright Infringement

As noted by the Court, plaintiff does not seek damages with respect to Count II.  Because plaintiff does not address the merits of Count II, including why the well-pleaded facts show that it is entitled to judgment, and does not seek damages with respect to Count II, the Court deems that claim abandoned.  Therefore, the Court will not address Count II apart from ordering Count II to be dismissed without prejudice.

## IV.    CONCLUSION

Accordingly,

**IT IS ORDERED** that the motion for default judgment (Doc. 52) is **GRANTED** insofar as it requests judgment with respect to Count I of the complaint.

**IT IS FURTHER ORDERED** that damages are awarded to plaintiff against defendants as follows:

(1)     **$8,200.00** pursuant to 47 U.S.C. § 605 (e)(3)(C)(i)(II);

(2)     **$24,600.00** pursuant to 47 U.S.C. § 605(e)(3)(C)(ii); and

(3)     **$2,160.00** pursuant to 47 U.S.C. § 605(e)(B)(iii) for attorney's fees and costs.

**IT IS FURTHER ORDERED** that Count II is **DISMISSED WITHOUT PREJUDICE**.

A final judgment will be entered separately. The Clerk is directed to close this file.

**DONE** and **ORDERED** August 6, 2020.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE